IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry Alexander Canzater, #248373, ) | C/A No. 0:08-3481-HMH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Sgt. Kenneth Scott; Officer Jeremy Felder; ) | |
| Officer Hudson; Officer Likely, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on defendants' motion for summary judgment (Docket Entry 28) and plaintiff's motion to dismiss (Docket Entry 32). The plaintiff, Jerry Alexander Canzater ("Canzater"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 claiming that the defendants violated his constitutional rights.

On April 17, 2009, Canzater moved for this matter to be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41. (Docket Entry 32.) In his motion, Canzater does not provide an explanation of the need for a voluntary dismissal and does not specify under which provision of Rule 41 he seeks to have his case dismissed. Canzater simply states that he "will be expecting this motion to be granted." (Id.)

Pursuant to Federal Rule of Civil Procedure 41(a), a plaintiff may not voluntarily dismiss his action without order of court after service of an answer or motion for summary judgment, unless a stipulation of dismissal is signed by all parties. In this case, the defendants have filed both their answer and motion for summary judgment and they expressly object to a dismissal without prejudice,

as they assert that their answer and motion were compiled at great expense. Therefore, Canzater's action may not be dismissed without leave of court.

In response to Canzater's motion to dismiss under Rule 41, the defendants have requested that "to the extent the Court considers this motion under Rule 41(a)(2), Fed.R.Civ.P., any dismissal of the Plaintiff's claims be considered a dismissal *with prejudice*." (Docket Entry 33 (emphasis in original)). To date, Canzater has not filed any reply to this response or otherwise responded in opposition. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." While generally a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant, see Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997); Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986), a district court may dismiss an action under Rule 41(a)(2) with prejudice, see Choice Hotels Int'l Inc., 11 F.3d 469, 471 (4th Cir. 1993). In deciding whether to dismiss an action pursuant to Rule 41(a)(2), a court should consider factors such as "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal," as well as "the present stage of litigation." Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996) (internal citations and quotations omitted).

In this case, the defendants have filed an answer (Docket Entry 22) and a motion for summary judgment, which consists of a twenty-two-page motion and accompanying memorandum and approximately 250 pages of attached exhibits and affidavits (Docket Entry 28). The court further observes that Canzater appears to have filed his motion to dismiss as a response to the motion for summary judgment. Based on the defendants' efforts and expenses thus far, Canzater's

PJG

insufficient explanation of the need for a voluntary dismissal, and the absence of a reply or response in objection to the defendants' request for dismissal with prejudice, the court finds dismissal with prejudice to be appropriate.  See Andes, 788 F.2d 1033; Phillips USA, Inc., 77 F.3d at 358.

For the foregoing reasons, the court recommends that the Complaint be dismissed *with prejudice* pursuant to Federal Rule of Civil Procedure 41(a)(2).  The court further recommends that the defendants' motion for summary judgment be terminated.  (Docket Entry 28.)

                                                                                    _____
                                                                                    Paige J. Gossett
                                                                                    UNITED STATES MAGISTRATE JUDGE

May 22, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).