IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jerry Alexander Canzater, #248373, ) | |
| ) | C.A. No. 0:08-3481-HMH-PJG |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Sgt. Kenneth Scott; Officer Jeremy Felder, ) | |
| Officer Hudson; Officer Likely, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Jerry Alexander Canzater's ("Canzater") objections to the May 22, 2009, Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. After consideration of Canzater's motion to dismiss without prejudice, Magistrate Judge Gossett recommended dismissing the action with prejudice. Objections to the Report and Recommendation were due June 11, 2009. On June 16, 2009, the court adopted Magistrate Judge Gossett's Report and Recommendation without objection. Judgment was entered later the same day. On June 22, 2009,[1] Canzater filed untimely objections alleging that this matter should not be dismissed with prejudice and should proceed on the merits.

The court construes Canzater's objections as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. A motion to alter or amend a judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an

---

[1] Houston v. Lack, 487 U.S. 266 (1988)

1

intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted).

Canzater's objections could have been raised prior to the issuance of the judgment in this case. Canzater never requested an extension of time to file objections. Additionally, the court takes judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the fact that Canzater filed for an extension of time in another case pending before the undersigned, Canzater v. Myers, C.A. No. 0:08-3077-HMH, which supports the conclusion that he was aware that he could request an extension of time from the court. Further, Canzater filed identical objections in the instant action and in 08-3077 by listing both case numbers on the objections. Canzater states in his objections that "I have included both cases, since I did ask for a voluntary dismissal on both." (Objections 1.) Notably, Canzater's motion for an extension of time in 08-3077 does not list the case number for the instant action. Canzater's motion for an extension of time in 08-3077 indicates his familiarity with filing deadlines. Based on the foregoing, Canzater raises no grounds to support a motion to alter or amend judgment in this case.

2

Therefore, it is

**ORDERED** that Canzater's Rule 59(e) motion, docket number 43 and docket number 44, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 1, 2009

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.